PETERS, J.,
dissenting.
|,I respectfully disagree with the majority’s affirmation of the trial court’s judgment finding that the Tabor Succession is entitled to one half of the $672,354.00 mineral lease bonus Petrohawk paid to Mrs. Tabor for the lease of her separate property. I would reverse the trial court grant of the summary judgment in favor of the Succession and grant Mrs. Tabor’s motion for summary judgment to the effect that the Succession is not entitled to one half of the proceeds.
The facts are not in dispute and I have no conflict with the legal principles asserted in the majority opinion. My disagreement with the majority opinion relates to the date the suspensive conditions of the conditional obligations arising from the January 5, 2010 agreement were fulfilled.
The majority correctly concludes that the January 5, 2010 agreement was subject to a suspensive condition set forth on the receipt made a part of that agreement. In this case, the contract was made “subject to the satisfaction by Lessee of any or all” of five conditions relating to the title to the property. (Emphasis added.) The majority’s position is that this condition was satisfied on March 18, 2010, when Ms. James received an e-mail from the title company retained to examine title to the effect that Mrs. Tabor had merchantable title to the property, but that it did not contain as many acres as originally thought. Mr. Tabor died two days later.
I do not find that notice to Ms. James, a Petrohawk employee who did not have authority to approve the modification to the original agreement, satisfied the 12requirements of the January 5, 2010 agreement as set forth in the receipt. “[Sjatisfaetion by Lessee” implies satisfaction by one authorized within Petrohawk’s corporate structure to make that decision. Mr. Deffenbaugh’s testimony is clear that he did not receive notice of the title examination results until March 22, 2010, and he immediately authorized payment of the lesser amount. Thus, actual “satisfaction by Lessee” occurred two days after Mr. Tabor died and not two days before, as suggested by the majority.
While agreeing with the majority’s conclusion that the trial court’s concern about opening the door for miscreant spouses to marshal civil fruits and delay receipt until the community is terminated is a policy concern, I note that the majority’s decision has a similar effect. Certainly, had Mr. Tabor continued to live, he would benefit from the separate property mineral interests belonging to his wife. His untimely death and the majority’s interpretation of the dates allow his daughter (Mrs. Tabor’s step-daughter) a windfall that, in all probability, her father never contemplated. There was no suggestion that Mr. Deffen-baugh withheld authorization of the payment until after Mr. Tabor’s death and no evidence that, as the proper representative of the Lessee, he had knowledge of the satisfaction of the conditions before March 22, 2010.
I would reverse the trial court judgment granting the Succession’s motion for summary judgment and render judgment granting Mrs. Tabor’s motion for summary judgment.